IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SERGIO ZAMARRIPA-TORRES, #20151-047  PETITIONER

VERSUS  CIVIL ACTION NO. 5:08cv299-DCB-MTP

UNITED STATES ATTORNEY GENERAL, et al.  RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed on October 10, 2008, this petition for a writ of error *coram nobis* and for habeas relief pursuant to 28 U.S.C. § 2241.

Background

Petitioner was convicted of conspiracy to distribute a controlled substance in the United States District Court of Nebraska. According to the petition, the petitioner did not appeal his conviction or sentence. The grounds upon which the petitioner is requesting relief are as follows:

> Ground one: Counsel was ineffective in failing to inform petitioner before he pled guilty that he could be deported by entering a guilty plea. The Court also did not inform him of this.

> Ground two: Petitioner was threatened by the person he testified against. He and the Mexican government will torture petitioner when he returned to Mexico. Thus, he is entitled to relief from deportation under the Convention Against Torture.

As relief, the petitioner is seeking that this court direct the United States Bureau of Immigration and Customs Enforcement

(ICE)to conduct a hearing relating to the petitioner's deportation, order an evidentiary hearing, appoint counsel to represent him and apply with the strict time restrictions set forth in 28 U.S.C. §§ 2243 and 2266.

## Analysis

A writ of *coram nobis* is available to federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  United States v. Dyer, 136 F.3d 417, 422 (5th Cir.1998) (citing United States v. Morgan, 346 U.S. 502 (1954)).  Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The writ is accessible to a petitioner who has completed his sentence and is no longer "in custody" for purposes of seeking relief under 28 U.S.C. § 2241 or § 2255.  Id. Moreover, the writ can not be used as a substitute for appeal and should only be employed to correct errors "of the most fundamental character." Id.

Under the circumstances of the instant petition, a writ of error *coram nobis* is not an available remedy to the petitioner since he has not completed his sentence and he meets the "in custody" requirement of 28 U.S.C. § 2241 or § 2255.  See United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004)(citing Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996)); see also

United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)("A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."). Consequently, the petitioner's claim requesting such extraordinary relief as a writ of error *coram nobis* will be dismissed.

As for the petitioner's habeas relief pursuant to 28 U.S.C. § 2241, this Court finds that it has jurisdiction over the instant petition since this Court is the petitioner's district of incarceration. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). However, petitioner's claims are not pursuable in a § 2241 petition. See United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992)(A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). The instant petition does not challenge the manner in which petitioner's sentence is being carried out nor does it

3

challenge the prison authorities' determination of petitioner's sentence. Petitioner's allegations clearly relate to his conviction.[1]

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2] The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes

---

[1] To the extent the petitioner's request for relief can be construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, this Court lacks jurisdiction to entertain the motion since he was sentenced in the United States District Court of Nebraska. See Reyes-Requena v. United States, 243 F.3d 893, 901 n.18 (5th Cir.2001)(Section 2255 "channels collateral attacks by federal prisoners to the sentencing court so that they can be addressed more efficiently")(quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir.1997); Ojo v. INS,106 F.3d 680, 683 (5th Cir.1997)(petitioner's claims must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him); Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 n. 2 (5th Cir.1990)(A section 2255 motion must be filed in the sentencing court).

[2] 28 U.S.C. § 2255: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*"

that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 904. Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective to test the legality of his detention. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001); See also Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

This court finds that the petitioner's argument that he meets the "savings clause" of 28 U.S.C. § 2255 because of the decision by the Seventh Circuit in Chow v. Reno, 193 F.3d 892 (7th Cir. 1999) is not persuasive. To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). The petitioner failed to cite any case law decided by the United States Supreme Court which has been applied retroactively. Finally, violations of the statues for which the petitioner was found guilty, conspiracy to distribute a controlled substance, was a crime at the time of his conviction, and it continues to be a crime today. Clearly, the petitioner was not convicted of a nonexistent crime. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in

5

part because the petitioner arguably was convicted for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001) (The Jeffers Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by Reyes-Requena). Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

As for the petitioner's request that this court strictly comply with the time requirements of 28 U.S.C. § 2243 and 2266, this court finds such requests are without merit. As discussed above, this court finds that the petitioner is not entitled to the requested relief. Therefore, an order awarding the writ or order directing the respondents to respond is not necessary. See 28 U.S.C. § 2243. Additionally, since there is no indication that the petitioner was sentenced to death, 28 U.S.C. § 2266 does not apply.

Finally, the petitioner mentions on page 5 of his petition [1] that he has been informed that an INS detainer has been lodged against him and placed on his institutional record. "For a court to have habeas jurisdiction under section 2241, he

6

prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." Zollicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003)(citing Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000)). "Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." Id. (quoting Giddings v. Chandler, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992). "Prisoners are not 'in custody' for purposes of the habeas statutes merely because the INS has lodged a detainer against them." Id. (citing Santana v. Chandler, 91 F.2d 514, 516 (5th Cir. 1992).

In the instant case, the petitioner fails to assert any allegations to establish that he is presently in the custody of the INS. The petitioner merely complains that an INS detainer has been lodged against him. Therefore, this court does not have jurisdiction to consider that the petitioner's claim relating to the INS detainer in the instant § 2241 habeas petition.

Moreover, this court finds that the petitioner's request to direct ICE to conduct a hearing is a request for a writ of mandamus. A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the petitioner. 28 U.S.C. § 1361. For a petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a

clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." <u>In Re Stone</u>, 118 F.3d 1032, 1034 (5th Cir.1997)(citing <u>United States v. O'Neil</u>, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted); <u>see</u> <u>also</u> <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)). Furthermore, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." <u>Kerr v. United States Dist. Ct.</u>, 426 U.S. 394, 402 (1976). For the reasons previously set forth in this opinion, this Court finds that the petitioner does not meet the requirements for this Court to issue a writ of mandamus and therefore, it will be denied.

## Conclusion

As stated above, petitioner does not meet the requirements for a writ of error *coram nobis* pursuant to the All Writs Act, he has failed to state a claim for relief that is pursuable as a § 2241 action, he has further failed to demonstrate that § 2255 is inadequate or ineffective remedy in order to proceed under the savings clause and finally, this court lacks jurisdiction to consider his claim challenging the INS detainer. Therefore, the instant petition will be dismissed with prejudice as to his request for a writ of error *coram nobis* and the jurisdictional issues relating to pursuing a § 2241 habeas petition and without prejudice regarding all other issues. See <u>Ojo v. Immigration and Naturalization Service</u>,106 F.3d 680, 683 (5th Cir.1997).

SO ORDERED this the  23rd  day of  January, 2009.


                         s/ David Bramlette
                    UNITED STATES DISTRICT JUDGE