IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SERGIO ZAMARRIPA-TORRES, #20151-047            PETITIONER

VERSUS            CIVIL ACTION NO. 5:08cv299-DCB-MTP

UNITED STATES ATTORNEY GENERAL, et al.            RESPONDENTS

ORDER

This matter is before the Court on the following motions filed by the petitioner: Motion to Amend [4] and Motion for Reconsideration [5]. Having reviewed the record and motions [4 & 5], this Court has determined that these motions [4 & 5] will be denied based on the following.

A review of the record establishes that on February 6, 2009, a Final Judgment [3] was entered dismissing the above referenced civil action. Therefore, the Motion to Amend [4] is deemed untimely and is thereby moot.

As for petitioner's Motion for Reconsideration [5] of the Final Judgment [3] entered on February 6, 2009, this Court concludes that it is without merit. Petitioner argues in his motion [5] that this "court had jurisdiction over the § 2241 [claim] based on petitioner's status as a wartime detainee, the war on crime." The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE[1], a district court should consider the following non-inclusive factors: (1) the reasons for petitioner's default; (2) the importance of the evidence to petitioner's case; (3) whether the evidence was available to petitioner before he responded to the underlying

---

[1] Out of an abundance of caution, this Court will assume *arguendo* that the instant motion was filed timely as required to pursue a Rule 59(e) motion.

motion; and (4) the likelihood that respondents will suffer unfair prejudice if the case is reopened. See Sturges v. Moore, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

After consideration of the above listed factors, case law presented by the petitioner and relevant case law, the Court finds that petitioner's motion for reconsideration [5] should be denied. Petitioner has failed to offer any evidence or arguments that were not initially available to him at the time his petition was filed. Basically, this Court finds that petitioner's motion [5] merely expresses disagreement with the ruling of the Court. The Court has thoroughly reviewed the instant motion [5] as well as the petition [1] and has determined that the correct legal finding was issued in this cause. Moreover, petitioner has failed to meet the requisite legal standard for the Court to grant a motion pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.

As for the petitioner's request for relief pursuant to Rule 60(b), this Court finds that a party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b). Petitioner does not assert any of the grounds required by Rule 60(b). The

Court finds that the petitioner has failed to provide justification for altering the previous ruling of the Court. Therefore, the petitioner's motion to reconsider [5] pursuant to Rule 60(b) is denied. Accordingly, it is,

ORDERED AND ADJUDGED that Petitioner's Motion to Amend [4] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner's motion [5] for relief pursuant to Rule 59(e) and 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE is **denied**.

SO ORDERED AND ADJUDGED this the   23rd   day of   February  , 2009.


                                               s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE